# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 20-60917
Summary Calendar

Carlos Ramon Mejia Del Cid,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 095 097 148

Before Smith, Stewart, and Graves, *Circuit Judges.*
Per Curiam:*

Carlos Mejia Del Cid, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial by an immigration judge of his application for withholding of removal and protection under the Convention Against Tor-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60917

ture ("CAT"). In his application, Mejia Del Cid had claimed he was afraid to return to Honduras because he feared that he would be extorted, tortured, and killed by gang members who wished to recruit or extort him or by a former client who had argued with him over a payment. His counsel designated his proposed particular social group as "people who fear for their welfare and well-being." In his petition, Mejia Del Cid avers generally that he proved that he had a well-founded fear of future persecution and that he was unwilling or unable to return to Honduras.

On petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying withholding of removal and relief under the CAT and requires only that the BIA's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). "This court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Mejia Del Cid has failed to brief any challenge to the BIA's disposition of his claims arising under the CAT, so he has abandoned them. *See Nastase v. Barr*, 964 F.3d 313, 318 n.2 (5th Cir.), *cert. denied*, 141 S. Ct. 877 (2020). To the extent that his withholding-of-removal claim is not abandoned, Mejia Del Cid has not demonstrated that the record compels a conclusion contrary to the BIA's. To obtain withholding of removal, a petitioner must show a "clear probability" or that "it is more likely than not" that, if he returns to his native country, he will be persecuted "on the basis of race, religion, nationality, membership in particular social group, or political opinion." *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citations omitted). The alien must demonstrate "that race, relig-

ion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks, citations, and emphasis omitted). The protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (internal quotation marks and citation omitted).

Conduct driven by purely personal or criminal motives does not constitute persecution on account of a protected ground. *Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004). Further, economic extortion and actions based on a desire for financial gain do not rise to the level of persecution on account of a protected ground. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). Mejia Del Cid alleged only his former client's desire to harm him for economic and "purely personal" reasons, which do not constitute persecution on account of a protected ground. *Thuri*, 380 F.3d at 793. Mejia Del Cid's theory that the gang would extort him economically or commit crimes based on a desire for financial gain is also inadequate to show that the gang would target him on account of a protected ground. *See Ramirez-Mejia*, 794 F.3d at 493.

Substantial evidence supports the BIA's conclusion that Mejia Del Cid did not establish a cognizable particular social group. To establish membership in a particular social group, an alien must demonstrate that he is a member of a group of persons that "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted). The group described as "people who fear for their welfare and well-being" lacks particularity because it could include a "wide swath of society crossing many political orientations, lifestyles, and identifying factors." *Id.* at 522. Additionally, business owners extorted by

gangs and people who oppose gangs are not protected groups under immigration law. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012); *Orellana-Monson*, 685 F.3d at 522.

Accordingly, the record does not compel a finding contrary to that of the BIA as to whether Mejia Del Cid was entitled to withholding of removal and protection under the CAT. *See Gomez-Palacios*, 560 F.3d at 358. The petition for review is DENIED.